# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 7, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JARED EASTMAN, * | | Unpublished |
| Petitioner, * | | No. 18-250V |
| v. * | | Special Master Gowen |
| SECRETARY OF HEALTH * AND HUMAN SERVICES, * | | Dismissal Decision; DTaP. |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

*Milton Clay Ragsdale, IV,* Ragsdale LLC, Birmingham, AL, for petitioner.
*Debra A. Filteau Begley,* Department of Justice, Washington, D.C., for respondent.

## DECISION DISMISSING PETITION[1]

On February 16, 2018, Jared Eastman ("petitioner"), filed a petition in the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner's initial petition alleged that as a result of receiving the diphtheria, tetanus, and pertussis ("DTaP") vaccination February 18, 2015, he developed,

> multiple symptoms including headaches, limb and join pain, numbness and tingling, weaknesses and decreased range of motion in extremities, gait disturbance, neck and back pain, altered mental status, seizures, and gastrointestinal issues. Several diagnoses have been discussed by his treating physicians including lupus, a thyroid disorder, peripheral neuropathy, rheumatoid arthritis, seizure disorder, connective tissue disorder, fibromyalgia and possible [chronic inflammatory demyelinating polyneuropathy ("CIDP")]. Petitioner has

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended at 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

      been diagnosed with autoimmune thyroiditis (Hashimoto's disease) and other contributing autoimmune conditions have been considered as possible diagnoses.

Petition at ¶ 8.

      The case was reassigned to my docket on February 20, 2018. *See* Notice of Assignment (ECF No. 4). Petitioner filed medical records from February 26, 2018, through May 29, 2019. *See generally* (ECF Nos. 6, 14, 25, 27, 30, 31, 35). Petitioner filed an Amended Petition on July 29, 2019, wherein he alleged that the DTaP vaccination administered on February 18, 2015, caused him to develop "peripheral neuropathy, Hashimoto's disease, Bechet's syndrome/vasculitis, rheumatoid arthritis, possible Crohn's disease, lupus, and fibromyalgia." Amended Petition at ¶ 7.

      Respondent filed a Rule 4(c) report on October 25, 2019, recommending against compensation. Respondent's ("Resp.") Report ("Rept.") (ECF No. 42). A telephonic status conference was held on November 25, 2019, in which I ordered petitioner to file additional medical records and a second amended petition. *See* Scheduling Order, November 27, 2019 (ECF No. 43). Petitioner filed another amended petition on August 6, 2020, with an updated diagnosis of Acute Transverse Myelitis. Second Amended Petition at ¶ 8. (ECF No. 54). A telephonic status conference was set on September 8, 2020, in which I ordered petitioner to file a report from petitioner's treating neurologist. *See* Scheduling Order, November 11, 2020 (ECF No. 57). Petitioner filed an expert report on March 30, 2021. Petitioner ("Pet.") Exhibits ("Ex.") 42 (ECF No. 63). Respondent filed two expert reports on December 6, 2021, and January 24, 2022. Resp. Ex. A; Resp. Ex. C (ECF No. 69, 72).

      A Rule 5 Status conference was held on April 26, 2022, wherein I ordered petitioner to file a status report indicating his intent to continue to pursue his case in the program. *See* Rule 5 Order, April 29, 2022 (ECF No. 74). On July 18, 2022, petitioner filed a status report indicating to the court his intention to continue pursuing his case in the program. (ECF No. 76). On September 1, 2022, petitioner filed a supplemental expert report. Pet. Ex. 60 (ECF No. 78). On October 25, 2022, petitioner filed a lengthy status report outlining petitioner's proposed diagnoses and the criteria to establish a diagnosis of Hashimoto's encephalopathy. (ECF No. 80). A telephonic status conference was set for October 26, 2022, in which I ordered petitioner to consult with his expert for another supplemental report, or evaluation at a tertiary care center, and if those options were not available to consider a voluntary dismissal. On December 6, 2022, petitioner filed a motion to Voluntarily Dismiss the case pursuant to Rule 21(a), based on the Court's tentative findings and conclusions set forth in the Rule 5 Order.

      A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways.  The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health &*

*Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The information in the record indicates that there is insufficient evidence presented at this time to justify an award.  Accordingly, in light of petitioner's motion requesting a decision dismissing her petition, a further investigation is unwarranted.  As such, the petition is hereby, **DISMISSED.**

**This matter is DISMISSED for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).